UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBERT J. FOLKS, and | ) | |
| LAURA K. SIMMONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV424-133 |
| | ) | |
| VIRGIL BROWN & | ) | |
| ASSOCIATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court previously directed *pro se* plaintiff Robert J. Folks to submit an Amended Complaint to clarify the parties to this action and the nature of his claims. *See* doc. 4. He has complied with that Order.[1] *See* doc. 7. Folks and co-plaintiff Laura K. Simmons have signed the Amended Complaint. *See id.* at 5. While it is not entirely clear that Simmons is entitled to pursue this case *in forma pauperis, see, e.g.,*

---

[1] The Court's prior Order noted that this Court does not appear to be the proper venue for the claims asserted in the original Complaint. *See* doc. 4 at 5. Given that all of the defendants named in the Amended Complaint appear to reside in the Northern District of Georgia, doc. 7 at 2; 28 U.S.C. § 90(a)(4), and the "admiralty case" underlying the claims occurred in the Middle District of Georgia, doc. 7 at 12; 28 U.S.C. § 90(b)(2), it remains dubious that this Court is the proper venue. However, as discussed below, because this Court lacks subject matter jurisdiction, any venue defect is moot.

1

*Howell v. Manitowoc Cnty. DHS*, 2020 WL 7496394, at *1 (E.D. Wis. Dec. 21, 2020) ("indigent litigants are not permitted to file joint motions for leave to proceed IFP and instead each plaintiff in a case seeking leave to proceed IFP must file a separate motion for IFP status" (internal quotation marks and citation omitted)), because, as explained below, this case is dismissed, further proceedings on her entitlement to proceed IFP are moot.  Since the Court has previously granted Folks leave to proceed IFP, doc. 4, it proceeds to screen the Amended Complaint.  *See* 28 U.S.C. § 1915(e).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings

cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

In addition to the screening required under § 1915(e), this Court has an independent obligation to assure itself of its subject matter jurisdiction. *See, e.g., MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016); *see also, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." (internal quotation marks and citation omitted)). Subject matter jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332.[2]

---

[2] The Amended Complaint asserts only federal question jurisdiction, doc. 7 at 3, and also lists addresses for both plaintiffs and all the named defendants in Georgia, *id.* at 1-4. It, therefore, appears that the Court's diversity jurisdiction is not plausibly implicated.

3

Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). As this Court has explained, the "mere mention of certain federal statutes [does] not establish subject matter jurisdiction." *McLemore v. Henry*, 2020 WL 1848053, at *1 (S.D. Ga. Apr. 13, 2020) (citations omitted).

In the section of the form complaint seeking the "specific federal statutes, federal treaties, and / or provisions of the United States Constitution that are at issue[,]" Plaintiffs have responded, "in 1789 there were 77 Amendments these amendments are being broken. The Constitution of the United States general consideration Rule 6-102[,] 6th Amendment[,] 14th Amendment[,] 10th Amendment." Doc. 7 at 3. The Amended Complaint suggests that Plaintiffs assert various theories of recovery, including fraud, defamation, negligence, malicious prosecution, breach of contract, and conspiracy. *Id.* at 6-8. None of those theories is, obviously, a federal claim. *See, e.g.,* O.C.G.A. §§ 51-6-1 (fraud), 51-5-1

(libel), 51-5-4 (slander), 51-1-6 (negligence), 51-7-40, *et seq.* (malicious prosecution), 13-1-6 (parol contracts), 51-12-30 (joint tort-feasors).  The factual allegations, to the extent that they can be discerned at all, all concern Plaintiffs' interactions with a private law firm and its employees. *See* doc. 7 at 11-16.  There is, therefore, no indication of any implication of any federal claim at all.

The Amended Complaint's vague reference to the Constitution might imply that Plaintiffs assert a claim, under 42 U.S.C. § 1983, that their rights were violated.  Even assuming that they asserted such a claim, in order to support federal question jurisdiction, they fail to allege any fact that would suggest the apparently private attorneys are state actors.  Section 1983 provides relief against defendants "acting under color of state law." *See, e.g., Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000).  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).  While "private parties who corruptly conspire with state officials to maliciously prosecute an individual . . . act under color of state and can be sued . . . under section 1983," *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990), to the

extent that the Amended Complaint includes any allegations of such a conspiracy, they are wholly conclusory, *see* doc. 7 at 12 ("This case involves a criminal conspiracy against the defendant's [sic] actions involving Upson County District GSP prosecution, which began with filling [sic] a completly [sic] admiralty case, false alleging a fictitous [sic] discovery."). Moreover, malicious prosecution is only actionable after the plaintiff has received a favorable termination of the underlying case. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). There is no discernable allegation that the "admiralty case," whatever its substance, has terminated in any plaintiff's favor.[3] *See* doc. 7 at 11-16. The Amended Complaint, therefore, fails to plead any plausible federal claim.

In circumstances where a plaintiff invokes the Court's federal question jurisdiction, but fails to sufficiently plead any federal claim, the Court lacks subject matter jurisdiction. *See, e.g., Tolbert v. Mercedes-Benz Fin. Servs.*, 2011 WL 13319456, at *3 (N.D. Ga. Nov. 21, 2011) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). The Amended Complaint is, therefore, **DISMISSED**. Doc. 7; *see, e.g.,* Fed. R. Civ. P.

---

[3] A search of the Georgia Department of Corrections "Find an Offender" website indicates that Folks remains incarcerated. *See* Georgia Dept. of Corrs., *Find an Offender*, *available at https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryForm.jsp?Institution=.*

6

12(h)(3).  Moreover, even if the Court had discretion to hear any state law claims asserted in the Amended Complaint, it would decline to exercise supplemental jurisdiction over those claims.  *See, e.g., Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 866 (11th Cir. 2022) ("A district court, exercising its already broad discretion, will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed."); *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[I]f the federal claims are dismissed prior to trial, [*United Mine Workers v.*] *Gibbs* strongly encourages or even requires dismissal of state claims." (citing 383 U.S. 715, 726 (1966)).  The Clerk is **DIRECTED** to **CLOSE** this case.

    **SO ORDERED**, this 18th day of July, 2024.

                                                                         _____
                                                                         CHRISTOPHER L. RAY
                                                                         UNITED STATES MAGISTRATE JUDGE
                                                                         SOUTHERN DISTRICT OF GEORGIA